### COMMONWEALTH *vs.* LAWRENCE CASEY.

An indictment under the Gen. Sts. *c.* 87, for maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, by one holding a license to sell such liquors under the internal revenue law of the United States, is not a "suit or prosecution against any officer of the United States or other person for or on account of any act done under the revenue laws of the United States, or under color thereof, or for or on account of any right, authority or title, set up or claimed by such officer or other person under any such law of the United States," which can be removed into the circuit court of the United States for trial, under the U. S. St. of 1833, *c.* 57, § 3.

INDICTMENT under the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors.

---

Upon the presentment of the indictment in the superior court in Essex, a capias was issued, and the defendant was brought in, and pleaded not guilty. He afterwards filed with the clerk of that court.a duplicate of a writ of *habeas corpus cum causa*, issued by the circuit court of the United States for the district of Massachusetts, addressed to the United States marshal for the district, or either of his deputies, under the act of congress of 1833, *c.* 57, § 3, which writ recited that he had presented his petition to that court, verified by affidavit and an attorney's certificate, as required by that act, and setting forth that a certain prosecution (describing it as this indictment) had been commenced against him in said superior court for and on account of acts done by him under the revenue laws of the United States and by color thereof, and for and on account of acts done by him under authority of those laws, and had not been tried, and had been commenced against him by capias served upon him within the district, and representing that he was duly authorized and licensed by those laws to keep, sell and retail the liquors named in this indictment in manner and form as he was charged in this indictment with having done. The defendant thereupon moved the superior court to stay proceedings in the case and to dismiss him from custody. But *Lord,* J., overruled the motion, and the defendant alleged exceptions. He was afterwards tried in the superior court, still protesting against the jurisdiction, and found guilty, and his exceptions were allowed and signed by the presiding judge.

*G. Sennott,* for the defendant.

*Reed,* A. G., for the Commonwealth.

GRAY, J. These exceptions present for the decision of this court a very important question of the extent of the jurisdiction of the circuit court of the United States, in the consideration of which we have been much aided by the able opinion delivered in

by the laws of such state, shall not be released from custody until a final judgment upon such writ, or until a bond, with sufficient sureties, in a reasonable sum, as ordered and approved by the state court, shall be given; and if the offence is not so bailable, until a final judgment upon the writ of error." 14 U. S. Sts. at Large, 172, 173.

the superior court at the time of overruling the defendant's motion for a stay of proceedings. But in the view which we take it will not be necessary to consider all the grave objections stated in that opinion to the removal of this indictment into the United States court.

The particular section of the laws of the United States, under which this question immediately arises, is as follows : " In any case where suit or prosecution shall be commenced in a court of any state, against any officer of the United States or other person, for or on account of any act done under the revenue laws of the United States, or under color thereof, or for or on account of any right, authority or title set up or claimed by such officer or other person under any such law of the United States, it shall be lawful for the defendant in such suit or prosecution, at any time before trial, upon a petition to the circuit court of the United States, in and for the district in which the defendant shall have been served with process, setting forth the nature of said suit or prosecution, and verifying the said petition by affidavit, together with a certificate signed by an attorney or counsellor at law of some court of record of the state in which such suit shall have been commenced, or of the United States, setting forth that, as counsel for the petitioner, he has examined the proceedings against him, and has carefully inquired into all the matters set forth in the petition, and that he believes the same to be true which petition, affidavit and certificate shall be presented to the said circuit court, if in session, and if not, to the clerk thereof at his office, and shall be filed in said office, and the cause shall thereupon be entered upon the docket of said court, and shall be thereafter proceeded in as a cause originally commenced in that court; and it shall be the duty of the clerk of said court, if the suit were commenced in the court below by summons, to issue a writ of *certiorari* to the state court, requiring said court to send to the said circuit court the record and proceedings in said cause ; or if it were commenced by capias, he shall issue a writ of *habeas corpus cum causa,* a duplicate of which said writ shall be delivered to the clerk of the state court, or left at his office, by the marshal of the district, or his deputy, or some

person duly authorized thereto ; and thereupon it shall be the duty of the said state court to stay all further proceedings in such cause, and the said suit or prosecution, upon delivery of such process, or leaving the same as aforesaid, shall be deemed and taken to be moved to the said circuit court, and any further proceedings, trial or judgment therein in the state court shall be wholly null and void. And if the defendant in any such suit be in actual custody on mesne process therein, it shall be the duty of the marshal, by virtue of the writ of *habeas corpus cum causa*, to take the body of the defendant into his custody, to be dealt with in the said cause according to the rules of law and the order of the circuit court or of any judge thereof in vacation. And all attachments made, and all bail and other security given, upon such suit or prosecution, shall be and continue in like force and effect as if the same suit or prosecution had proceeded to final judgment and execution in the state court. And if, upon the removal of any such suit or prosecution, it shall be made to appear to the said circuit court that no copy of the record and proceedings therein in the state court can be obtained, it shall be lawful for said circuit court to allow and require the plaintiff to proceed *de novo*, and to file a declaration of his cause of ac-tion, and the parties may thereupon proceed as in actions origi-nally brought in said circuit court; and on failure of so pro-ceeding, judgment of *non pros.* may be rendered against the plaintiff with costs for the defendant." U. S. St. 1833, *c.* 57, § 3 ; 4 U. S. Sts. at Large, 633, 634.

1. It is, to say the least, very doubtful whether by this section congress intended to remove any indictment found in a state court in the name of the state into the courts of the United States for trial. The words " suit or prosecution " might in-deed, in the absence of anything to explain or limit them, be susceptible of an interpretation broad enough to include crimi nal as well as civil proceedings. But this section uses no words exclusively applicable to criminal proceedings, and contains many expressions most inappropriate to criminal cases. It speaks of " suits commenced ' in the state court " by sum-mons " or " by capias," both of which are well known forms of

commencing civil actions, and neither of which is ever issued in a criminal case until after an indictment or complaint has been filed. 3 Bl. Com. 279, 282. 4 Bl. Com. 318. It is only in a " suit commenced by capias " that a writ of *habeas corpus cum causa* is to issue from the circuit court of the United States. By the common law (though the distinction of form has not been preserved in practice in this commonwealth) the writ of *habeas corpus cum causa,* otherwise called *habeas corpus ad faciendum et recipiendum,* issued in civil cases only, and not in behalf of one imprisoned on a charge of crime, in which case the appropriate writ was of *habeas corpus ad subjiciendum.* 2 Hale P. C. 145. Bac. Ab. Habeas Corpus, A.; B. 5; C. Tidd's Pract. (9th ed.) 349, 404. The act of congress provides for taking on the writ of *habeas corpus cum causa* the body of the defendant in the suit, only when " in actual custody on mesne process therein," a phrase limited in common use to civil actions. If no copy of the record of the state court can be obtained, " the plaintiff" is to " proceed *de novo* " in the circuit court, and " to file a declaration of his cause of action." " Plaintiff" and " declaration," words applicable to civil actions alone, (and not even " prosecutor" or " count," which might include criminal cases,) are the only words used in this statute to describe the actor and his allegation. " And on failure of so proceeding, judgment of *non pros.* may be rendered against the plaintiff with costs for the defendant." " Judgment of *non pros.*" or *non prosequitur,* is a judgment of the court on motion of the defendant in a civil action in case the plaintiff does not file his declaration or replication in due time, and is not to be confounded with a *nol. pros.* or *nolle prosequi,* by which the plaintiff or the attorney for the state voluntarily declares that he will not further prosecute a suit or indictment, or a particular count in either. 1 Steph. Pl. (1st Amer. ed.) 130, 131. Tidd's Pract. 458, & seq. *Philpot* v. *Muller,* 1 Doug. 169, note. *Commonwealth* v. *Tuck,* 20 Pick. 365.

This section also provides that any cause removed under it into the circuit court of the United States shall be " thereafter proceeded in as a cause originally commenced in that court,"

and that if the plaintiff shall file a new declaration by reason of not being able to obtain the original record, " the parties may thereafter proceed as in actions originally brought in said circuit court." But no indictment or other criminal proceeding under the laws of the Commonwealth could be originally presented, commenced or brought in a circuit court of the United States. It is a power inherent in every government to try and convict offenders against its own laws. It is an axiom of public law, hitherto considered as holding good in the peculiar relation existing between the national and the state governments under the constitution of the United States, that " every criminal prosecution must charge the offence to have been committed against the sovereign whose courts sit in judgment upon the offender, and whose executive may pardon him." 1 Kent Com. (6th ed.) 403. If an indictment found by a grand jury of the county, and returned into the proper court of the state, could be removed before trial into a court of the United States, upon a mere suggestion of the defendant that he claimed protection under the laws of the United States, the trial of the whole case would have to proceed in the federal court, which must in that event pass upon all questions arising in the case, although depending on the local law and not involving any right under the laws of the United States, and even if it should appear on the trial that the authority or protection asserted by the defendant under those laws did not cover or apply to the acts for which he was indicted. The defendant would be tried, not by a jury of the county in which the offence was alleged to have been committed and the indictment was found, according to the constitution and laws of the state, but by a jury taken from the state at large. The state would be prosecuting an offender against its own laws in the courts of another jurisdiction. If the defendant should be found guilty, the federal courts might have to pass sentence for an offence against the state laws, in which the United States had no interest or concern whatever. And would the prerogative of pardon or commutation of sentence be in the executive of the state whose laws the defendant had been found guilty of violating, or in the executive of the United States in whose courts he had been tried and convicted?

The other laws of the United States afford adequate protec‑ tion to any person indicted and convicted in the courts of a state, in case the state courts overrule or disregard any right or authority claimed by him under the constitution and laws of the United States, by allowing him a writ of error to take the case to the supreme court of the United States under the Judiciary Act of 1789, which, if seasonably sued out, operates as a *supersedeas* and stay of the execution of his sentence until a judgment thereon can be had in the supreme court of the United States. *Bryan* v. *Bates, ante,* 201. The difficulty of removing a criminal case from the state courts into the national courts, before trial and judgment in the courts of the state, was recognized by Mr. Justice Story in the leading case, in which the appellate jurisdiction of the supreme court of the United States from the state courts was established, of *Martin* v. *Hunter,* 1 Wheat. 350 ; and by Mr. Pinkney, in his successful argument in support of the extension of that jurisdiction to criminal cases, in *Cohens* v. *Virginia,* 6 Wheat. 369.

The construction that the third section of the act of congress of 1833 does not apply to criminal cases is strongly confirmed by the seventh section, which gives an immediate and effectual remedy to any person imprisoned on a criminal charge or sentence, by providing that " either of the justices of the supreme court, or a judge of any district court of the United States, in addition to the authority already conferred by law, shall have power to grant writs of *habeas corpus* in all cases of a prisoner or prisoners in jail or confinement, when he or they shall be committed or confined on or by any authority or law, for any act done, or omitted to be done, in pursuance of a law of the United States, or any order, process or decree of any judge or court thereof, anything in any act of congress to the contrary notwithstanding." 4 U. S. Sts. at Large, 634.

Upon the most careful examination and inquiry, we have not been able to find any other instance in which any court or judge of the United States has asserted or maintained the right to remove an indictment found in a state court for an offence against the laws of the state, into a circuit court of the United States

for trial. And in the absence of any authoritative decision in favor of such removal, it is attended with so many difficulties in the construction of the statute, and so many embarrassments in the exercise of the jurisdiction, that we are not prepared to admit it to be authorized by the act of congress. We do not however rest our judgment upon this ground alone.

2. The act of congress of 1833, *c.* 57, is entitled "an act further to provide for the collection of duties on imports," and the right of removal given by the third section is only in case of suit or prosecution "against any officer of the United States, or other person, for or on account of any act done under the revenue laws of the United States, or under color thereof, or for or on account of any right, authority or title set up or claimed by such officer or other person under any such law." It is unnecessary to consider whether, in the absence of subsequent legislation, this statute would or would not extend to acts done, or claimed to be done, under the laws for the collection of the internal revenue; or whether the words "officer of the United States or other person" must be limited to persons engaged in the collection of the revenue, or might have a larger interpretation, in accordance with the decision of the supreme court of the United States under a statute upon a different subject, in *United States* v. *Fisher*, 2 Cranch, 358. These questions are rendered immaterial by the act of congress of 1864, *c.* 173, § 50, which enacts that the provisions of the act of 1833, *c.* 57, "now in force," (some sections not material to the present inquiry having been previously repealed,) "shall be taken and deemed as extending to and embracing all cases arising under the laws for the collection of internal duties, stamp duties, licenses or taxes, which have been or may be hereafter enacted; and all persons duly authorized to assess, receive or collect such duties or taxes under such laws are hereby declared to be and to have been revenue officers within the true intent and meaning of the said act, and entitled to all the exemptions, immunities, benefits, rights and privileges therein enumerated or conferred." 13 U. S. Sts, at Large, 241. By thus enacting that the provisions of the act of 1833 should extend to and embrace all cases arising under

the internal revenue laws, and that all authorized assessors, re-ceivers or collectors of taxes should be revenue officers, and en-titled as such to the protection which that act gives, congress seems to have defined and limited the class of persons intended to be thus protected, by virtue of the internal revenue laws at least, and to have excluded persons claiming protection under mere color of those laws, and not engaged in carrying those laws into execution.

3. But perhaps the plainest and most conclusive reason for overruling the defendant's motion and exceptions is, that he was not indicted for any act done under any revenue law, internal or external, of the United States, or under color thereof, or for or on account of any right, authority or title set up or claimed by him under any such law. The act for which he was indicted was maintaining a tenement used for the sale and keeping of intoxicating liquors in violation of the laws of the state. The only color, right, authority or title set up or claimed by him under laws of the United States was a license from the United States to keep and sell such liquors. But that license, by the express terms of the act of congress of 1864, *c.* 173, § 78, under which it was granted, and the decisions of the supreme court of the United States, and of this court, gave him no right to vio-late the laws of the state, under which he was indicted. *McGuire* v. *Commonwealth*, 3 Wallace, 387. *Commonwealth* v. *Holbrook*, 10 Allen, 200. If he also paid a tax or duty under the internal revenue laws upon the same liquors, such payment neither was nor gave any right under those laws, and was not the act for which he was indicted in this case.

Our only hesitation in deciding that these exceptions must be overruled has been occasioned by the fact that this writ of *habeas corpus cum causa* has been issued by order of the learned dis-trict judge of the United States for this district. But we have been informed that that order was made summarily, without argument upon some of the grounds now taken, and accompanied with a suggestion that upon further consideration that court might not retain jurisdiction of the case. The ruling of a circuit court of the United States, though entitled

to respectful consideration, does not bind this court as a conclusive authority, and cannot dispense with the necessity of our forming and acting upon an independent judgment on a question affecting the jurisdiction of the courts of the Commonwealth to try and punish offenders against her own laws; and we have the satisfaction of knowing that if the conclusion to which upon careful deliberation we have been brought is erroneous, it can be revised and reversed on writ of error by the supreme court of the United States, which is as to such questions the common superior of the circuit court of the United States and of this court.                *Exceptions overruled.*[*]

## SUFFOLK COUNTY.

---

[*] The circuit court of the United States subsequently, upon full argument before Clifford and Lowell, JJ., ordered this and all similar cases to be discharged from its dockets and remanded to the courts of the Commonwealth.